IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL HUNT                    :          CIVIL ACTION
                               :
        v.                     :
                               :
WAWA, INC.                     :          NO. 24-288

MEMORANDUM

Bartle, J.                                      January 14, 2025

On March 3, 2023, Wawa, Inc. ("Wawa") terminated plaintiff Daniel Hunt, a Caucasian, from his position as a Customer Service Associate.  He asserts that he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Count I) and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951, et seq. (Count II).

Before the court is the motion of defendant Wawa, Inc. for summary judgment (Doc. # 13).

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving

party.   See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254

(1986).   The court views the facts and draws all inferences in

favor of the nonmoving party.   See In re Flat Glass Antitrust

Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient

record evidence for a reasonable factfinder to find for the

nonmovant.   See Anderson, 477 U.S. at 252.   "The mere existence

of a scintilla of evidence in support of the [nonmoving party]'s

position will be insufficient; there must be evidence on which

the jury could reasonably find for [that party]."   Id.   In

addition, Rule 56(e)(2) provides that "[i]f a party fails to

properly support an assertion of fact or fails to properly

address another party's assertion of fact as required by

Rule 56(c), the court may . . . consider the fact undisputed for

the purposes of the motion."   Fed. R. Civ. P. 56(e)(2).

II

The following facts are either not in dispute or are

viewed in the light most favorable to plaintiff, the non-moving

party.

Plaintiff was employed as a Customer Service Associate

at Wawa since on or about October 12, 1988.   He worked at

multiple locations and for the past six years, was mostly posted

at Store # 265 at 1000 Darby Road, Havertown, Pennsylvania.

Wawa had previously disciplined plaintiff on multiple occasions for inappropriate conduct during work.  On June 28, 2020, he was called to account for having "inappropriate conversations with associates about other['s] sexual orientation."  The write-up stated that "within 12 months of the issuance of this performance memo, any further violation of any policy, process, or expectation will result in termination of employment with Wawa, Inc."  The write-up continued "if you are observed speaking about inappropriate topics before 6/24/2021 you will be terminated."  On April 1, 2021, Wawa issued plaintiff another write-up for having "an argument/disagreement in the core customer area in the store."  Wawa characterized it as "written with terminable action" and warned that "any further violation will result in termination from Wawa."  The record also shows that he received an oral warning on September 23, 2021 due to an "incident with a customer" during which he had been "confrontational and extremely hostile" to the customer and other associates.  The write-up stated that "further violation of any policy, process, or expectation will result in further disciplinary action, up to and including termination of employment with Wawa, Inc."  Plaintiff acknowledged that he was aware of the write-ups and was disciplined on each occasion.

On February 15, 2023, plaintiff had a conversation with his Team Supervisor, Asiah Williams, an African-American

-3-

woman, and one other employee.  Williams reported to Marlysia

Seawright, the store's General Manager, that during their

conversation plaintiff stated that he could not be racist due to

his "three black children sitting at home."  He then showed

Williams and their coworker a picture of his three black dogs.

Plaintiff disputes this characterization of the conversation.

Shortly after Williams spoke with Seawright about her

interaction with plaintiff, Seawright reached out to Human

Resources.  On March 2, 2023, approximately two weeks later,

Chris Friez of Human Resources directed Seawright to question

plaintiff about his behavior with a witness present.

On March 3, 2023, Seawright and Samantha Gryzbowski,

Assistant General Manager, met with plaintiff to discuss this

incident.  At the end of this meeting, Seawright orally

terminated plaintiff.

This meeting was not recorded.  On March 12, 2023, in

response to plaintiff's request for information in connection

with Wawa's internal conflict resolution process, Seawright

wrote that at the meeting, plaintiff admitted that he had stated

to Williams "My Facebook friends keep saying I'm racist, how

could I possibly be racist when I have three black kids at

home," but that he was "joking."  At his deposition, plaintiff

denied making such an admission.  According to plaintiff, he

said to Williams and his then-co-worker:

-4-

I have three black Labrador Retrievers and
they are like my children.  And I also said
I did put on Facebook that I have four
children.  National Sons Day, every year I
put – you can look back at my Facebook today
– that I put I have four children.  My son,
Danny, and my three black Labrador
Retrievers.  That is what I said.

In terminating plaintiff, it is undisputed that Seawright stated that "those types of comments are considered discriminatory and would not be tolerated by Wawa, that we as a company stand for diversity and inclusion, and that he was being terminated due to his comments and actions."  Plaintiff agreed in his deposition that he was terminated on the basis of his conversation with Williams on February 15, 2023, but asserts he was "either misunderstood or misinterpreted."  There is no termination letter in the record.

Plaintiff appealed his termination under Wawa's Conflict Resolution Process because he did not "understand how a conversation about my dogs warrants termination after 34 years." He did not allege that the termination was made on the basis of his race during the internal process.  His termination was upheld through two stages.  He did not appeal his claim through Wawa's third and final stage.

A claim of racial discrimination is evaluated through a burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  First, plaintiff must show

a prima facie claim of discrimination.  Next, the burden of production shifts to the defendants to articulate a legitimate non-discriminatory reason for the adverse employment action. Finally, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the purportedly legitimate reason is merely pretext.  See Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 253 (1981).

Whether a prima facie case of employment discrimination exists is a question of law which is to be decided by the court.  Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).  A plaintiff must demonstrate: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) circumstances existed that raised an inference of unlawful discrimination.  Nagle v. RMA, The Risk Mgmt. Ass'n, 513 F. Supp. 2d 383, 387-88 (E.D. Pa. 2007).

Plaintiff does not reference anything in the record that would establish that he was discriminated against based on his race.  There is simply no evidence that racial animus was involved in his termination.  He proffers no comparator evidence.  The mere fact that Williams, his supervisor, is a different race than he does not raise an inference of unlawful discrimination.  Martin v. Highmark Health Ins. Co., Civ. A. No. 23-1311, 2024 WL 1458539, at *4 (W.D. Pa. Apr. 4, 2024) (citing Gonda v. Donahoe, 79 F. Supp. 3d 284, 296 (D.D.C. 2015) and

-6-

-7-

Jamieson v. Poughkeepsie City Sch. Dist., 195 F. Supp. 2d 457, 473 (S.D.N.Y. 2002)).  Viewing the record in the light most favorable to plaintiff, it simply demonstrates that Wawa was enforcing appropriate and reasonable rules of civility.  Doing so is not a violation of Title VII or the Pennsylvania Human Relations Act.  See Hazen Paper Co. v. Biggins, 507 U.S. 604, 610-11 (1993).  Plaintiff fails to provide any evidence that shows he has a prima facie case of employment discrimination based on his race.

Accordingly, the motion of defendant Wawa for summary judgment will be granted.